UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **United States of America,** | : | 3:21-CR-130-01 |
| v. | : | **(JUDGE MANNION)** |
| **Shakier Jamean Kingsley,** | : | |
| Defendant. | : | |

## MEMORANDUM

Presently before the court is Defendant's *pro se* Motion to Vacate pursuant to 28 U.S.C. §2255. (Doc. 126.) Despite receiving a sentence below both his guideline range and government's recommendation per his plea agreement, Defendant asserts that he did not receive effective assistance of counsel because his defense attorney failed to object to his status as career-offender under USSG §§4B1.1 and 4B.2 resulting in a higher sentence. Specifically, Defendant asserts that two of his prior state convictions should not have counted toward his career-offender classification and his present conviction is an inchoate offense rendering the career-offender enhancement inapplicable. However, under Third Circuit precedent these convictions do count towards federal career-offender classification. Moreover, Defendant pled guilty to a completed crime not an inchoate offense. Accordingly, this motion will be **DENIED** with prejudice.

## I.  Background

On December 18, 2020, Defendant, driving at over 100 miles per hour with both drugs and guns in his car, led law enforcement on a high-speed chase. Defendant and his passenger, Carlos Miguel Reynoso, were subsequently arrested and charged with (1) possession with intent to distribute 400 grams or more of fentanyl in violation of 21 U.S.C. §841(a)(1) and (b)(1)(A) and 18 U.S.C. §2; (2) conspiracy to possess with intent to distribute 400 grams or more of fentanyl in violation of 21 U.S.C. §846; (3) possession of a firearm in furtherance of a drug trafficking crime 18 U.S.C. §924(c)(1)(A) and 2; and, (4) being a felon in possession of a firearm in violation of 18 U.S.C. §922(g)(1) and 2. On August 8, 2022, Defendant pled guilty to count 1.

On January 4, 2023, the court sentenced Defendant to a 180-month term of incarceration, below both the guideline range and government's recommendation. Given Defendant's three prior state felony convictions – possession with intent to deliver cocaine (2009 and 2014) and possession with intent to deliver methamphetamine (2016) – he was classified as a career-offender with an offense level of 34 in addition to a criminal history category of VI resulting in a guideline range of 262-327 months. In accordance with the parties' plea agreement, the government recommended

a three-level variance from the otherwise calculated guideline range resulting in a sentence of 188 months. The court varied from both the guidelines and government's recommendation to impose a lower sentence of 180 months. Defendant did not appeal this conviction or sentence but on January 8, 2024, filed the present motion to vacate.

## II. Legal Standard

When a district court imposes a sentence on a defendant who believes "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, [the defendant] may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. §2255, ¶1; *see United States v. Eakman*, 378 F.3d 294, 297-98 (3d Cir. 2004).

"Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice of thereof to be served upon the United States Attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. §2255(b).

A §2255 motion "is addressed to the sound discretion of the district court." *United States v. Williams*, 615 F.2d 585, 591 (3d Cir. 1980). "[A] motion under 28 U.S.C. §2255 is the proper procedure for a federal prisoner to raise a collateral attack on his or her federal sentence for any error that occurred at or prior to sentencing." *Paulino v. U.S.*, 2010 WL 2545547, *2 (W.D. Pa. June 21, 2010) (citations omitted). "In order to prevail on a §2255 motion to vacate, set aside, or correct a sentence, a Petitioner must show '(1) error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *U.S. v. Bates*, 2008 WL 80048, *2 (M.D. Pa. Jan. 7, 2008) (quoting *Mallet v. U.S.*, 334 F.3d 491, 496-97 (6th Cir. 2003)). "The petitioner bears the burden of proof under §2255 and must demonstrate his right to relief by a preponderance of the evidence." *U.S. v. Ayers*, 938 F.Supp.2d 108, 112 (D. D.C. 2013) (citation omitted).

Additionally, "Section 2255 does not afford a remedy for all errors that may have been made at trial or during sentencing", "[r]ather, Section 2255 is implicated only when the alleged error raises 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Williams v. United States*, 2016 WL 6892375, *2 (M.D. Pa. Nov. 22, 2016) (internal citations omitted).

The Sixth Amendment to the United States Constitution guarantees a criminal defendant "the assistance of counsel for his defense." U.S. Const. Amend. VI. The Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984) established a two-prong test to evaluate the effectiveness of the assistance of counsel. In the first prong, the defendant must show "that counsel's performance was deficient," and must prove this by "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*, 687. In addition, the defendant must show that "counsel's representation fell below an objective standard of reasonableness." *Id.*, 687-88.

A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that under the circumstances, the challenged action "might be considered sound trial strategy." *Id.*, 689.

In the second prong, a defendant must show that counsel's deficient performance "prejudiced the defense," because "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.*, 687. "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding. Virtually every act or omission of counsel would meet that test, *cf. United States v. Valenzuela-Bernal*, 458 U.S. 858, 866-67 (1982), and not every error that conceivably could have influenced the outcome undermines the reliability of the result of the proceeding." *Id.*, 693. Rather, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine the confidence in the outcome." *Id.*, 694.

Thus, to state a successful claim for ineffective assistance of counsel, a defendant must show "both that counsel's performance was deficient, and that the deficiency prejudiced the defense." *Wiggins v. Smith*, 539 U.S. 510, 521, 123 S.Ct. 2527 (2003). "A failure to make the required showing on either prong defeats a defendant's ineffective assistance of counsel claim." *Ayers*, 938 F.Supp.2d at 113 (citing *Strickland*, 466 U.S. at 700).

### III. Discussion

Defendant's present claims fall within the purview of §2255 since he challenges the validity of his sentence. *See Bates*, 2008 WL 80048, *3 ("Claims of ineffective assistance of counsel may be brought in the first instance by way of a §2255 motion regardless of whether the movant could have asserted the claim on direct appeal.") (citing *Massaro v. U.S.*, 538 U.S. 500, 504, 123 S.Ct. 1690 (2003)). Defendant argues his counsel was ineffective for not challenging the enhancement of his guideline range based on the variance between Pennsylvania and federal drug laws, and the allegedly inchoate nature of his offense. The court will address each of these arguments in turn.

### A. Under Third Circuit precedent variance between Pennsylvania and federal drug laws does not affect guideline enhancements.

In *United States v. Lewis*, the Third Circuit found "a 'controlled substance' under §4B1.2(b) of the United States Sentencing Guidelines is a drug regulated by either state or federal law." 58 F.4th 764, 771 (3d Cir.), *cert. denied,* 144 S. Ct. 489, 217 L. Ed. 2d 256 (2023). Consequently, the Third Circuit also found the "meaning of "controlled substance' as used in §4B1.2(b)'s definition of "controlled substance offense" includes drugs regulated by state law at the time of the predicate state conviction, even if

they are not federally regulated or are no longer regulated by the state at the time of the federal sentencing. *Id.*, 773.

Here Defendant cites *United States v. Miller*, 480 F. Supp. 3d 614 (M.D. Pa. 2020), to argue his prior Pennsylvania convictions for cocaine related offenses under 35 Pa. Cons. Stat. §780-133(a)(30) do not qualify as controlled substance offenses within the meaning of §§4B1.1 and 4B1.2 because Pennsylvania defines cocaine more broadly than the federal Controlled Substances Act. However, *Miller*, insofar as it found that the term controlled substance in Section 4B1.2(b) must refer exclusively to drugs listed in the federal Controlled Substances Act for purposes of career-offender classification, has been clearly and unequivocally abrogated by the Third Circuit in *Lewis*. Thus, under now binding Third Circuit precedent all three of Defendant's prior convictions that involved controlled substances regulated under Pennsylvania law count as predicate offenses for determining career-offender status, regardless of any variance between the Pennsylvania and federal definition of those controlled substances.

Furthermore, Defense counsel did initially object to the presentencing report's classification of Defendant as a career-offender.[1] When Defense

---

[1] Defense counsel objection was not based on the variance between Pennsylvania and federal law but on the erroneous argument (discussed

*(footnote continued on next page)*

counsel withdrew this objection at the January 4, 2023, sentencing hearing the court specifically asked the Defendant if he wished to withdraw the objection and he expressly affirmed "Yes Sir." (Doc. 98 at 3:6.) Thus, defense counsel's representation in accordance with his client's own express affirmations did not fall below an objective standard of reasonableness. Likewise, defense counsel's conduct in not further challenging Defendant's career-offender designation did not prejudice the defense.

As noted by the court during sentencing, irrespective of Defendant's classification as a career-offender his total criminal history score of 15 established a criminal history category of VI, the highest category in the sentencing guidelines. So absent Defendant's career-offender classification he still would have had a guideline range of 188-235 months, which is the same range Defendant was actually placed in after the government recommended a three-level variance. In any event, the court still sentenced Defendant below the low end of this lower guideline range. Accordingly, Defense counsel alleged deficiency did not prejudice the defense, and

---

more below) that Defendant was convicted of an inchoate offense. Still *Lewis,* which was argued on September 6, 2022, and decided on January 26, 2023, only 22 days after Defendant was sentenced, would have made an objection based on such variance frivolous.

Defendant has failed to make the required showing for an ineffective assistance of counsel claim.

## B. Defendant pled guilty to a completed crime not an inchoate offense.

Defendant's plea agreement, presentence report, sentencing hearing transcript, and judgment all clearly state that Defendant pled guilty to possession with intent to distribute 400 grams or more of fentanyl in violation §841(a)(1) and (b)(1)(A) and 18 U.S.C. §2. Yet throughout the present motion Defendant claims he was convicted of aiding and abetting possession with intent to distribute 400 grams or of fentanyl in violation §841(a)(1) and (b)(1)(A) and 18 U.S.C. §2. Defendant is wrong. He was not convicted of aiding and abetting or any other inchoate offense as he alleges but pled guilty to a completed crime. Accordingly, defense counsel was also not ineffective for failing to further argue an ultimately frivolous objection.

### IV.  Evidentiary Hearing

A review of the motion as well as the applicable law make it clear that Defendant's allegations are without merit. The court finds that Defendant is not entitled to an evidentiary hearing because the record conclusively establishes that he is not entitled to the relief sought in his §2255 motion.

Therefore, the court, in its discretion, finds no reason to hold an evidentiary hearing.

### V.     Certificate of Appealability

A petitioner may not file an appeal from a final order unless a district or circuit judge issues a certificate of appealability ("COA") pursuant to 28 U.S.C. §2253(c). A COA shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). The petitioner must show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, a COA will not issue because Defendant has not shown either the denial of a constitutional right nor that jurists of reason would disagree with this court's resolution of his claims.

### VI.    Conclusion

Based on the foregoing Defendant's Motion to Vacate, (Doc 126), will

be **DENIED**, without an evidentiary hearing. Further, no COA will issue. An appropriate order follows.

_____
MALACHY E. MANNION
United States District Judge

**DATE: February 27, 2024**
21-CR-130-01 SK